```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------  X
UNITED STATES OF AMERICA,       :
                                :
     -against-                  :    Nos. 12 Cr. 691 (JFK)
                                :         15 Cv. 692 (JFK)
DEJVID MIRKOVIC,                :    OPINION & ORDER
                                :
          Defendant.            :
------------------------------  X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant-Petitioner Dejvid Mirkovic's ("Mirkovic") motion to substitute counsel for two cases pending before the Court dated May 3, 2016. On May 5, 2016, Mirkovic also moved for a 90-day extension for new counsel to submit a reply in Case No. 12 Cr. 691 (JFK). In that case, on February 29, 2016, Mirkovic moved to compel the Government to file a motion for sentence reduction under Federal Rule of Criminal Procedure 35. On March 15, 2016, the Court set a briefing schedule on that motion and, with her consent, appointed Mirkovic's trial counsel, Susan G. Kellman, Esq., to represent him. The Government filed its response to Mirkovic's motion on April 11, 2016, and Ms. Kellman replied on May 2, 2016.

On February 9, 2015, Mirkovic filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In this related case, Case No. 15 Cv. 692, Mirkovic asserts ineffective assistance of counsel by Ms. Kellman. Mirkovic argues that his assertion of ineffective assistance of counsel raises a

1

potential conflict of interest for Ms. Kellman.  He requests unconflicted counsel for both cases.

Prisoners have no constitutional right to counsel when mounting collateral attacks upon their convictions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  The Court did not appoint Ms. Kellman to represent Mirkovic in his petition under 28 U.S.C. § 2255 (Case No. 15 Cv. 692), and he continues in that case pro se.

Along those same lines, whether to provide counsel on post-appeal motions for reduction of sentence rests within the discretion of the district court. See United States v. Reddick, 53 F.3d 462, 465 (1995).  In the Court's view, as trial counsel, Ms. Kellman stood in a unique position to address Mirkovic's claims.  In light of Mirkovic's objection to Ms. Kellman's appointment, however, the Court withdraws its appointment of Ms. Kellman to represent Mirkovic on this motion.  The Court declines to appoint new counsel on this motion, because the apparent merits of the motion do not justify such a burden and expense. Id. at 465 n.2.

For the foregoing reasons, Mirkovic's motion to substitute counsel is DENIED AS MOOT in Case No. 15 Cv. 692, because no counsel has been appointed for him.  Mirkovic's motion to substitute counsel is GRANTED IN PART in Case No. 12 Cr. 691, insofar as Ms. Kellman's representation is withdrawn and the

2

Court will not consider her May 2, 2016 submission on Mirkovic's behalf. Mirkovic's motion to substitute counsel is DENIED IN PART in Case No. 12 Cr. 691, insofar as the Court declines to appoint new counsel to represent him on his motion to compel the Government to file a motion for sentence reduction under Federal Rule of Criminal Procedure 35. Mirkovic's motion for a 90-day extension for new counsel to become familiar with his case is DENIED AS MOOT, however, the Court AMENDS its briefing schedule dated March 15, 2016. Mirkovic shall file his reply to the Government's response no later than June 27, 2016.

**SO ORDERED.**

Dated: New York, New York
May 11, 2016

s/JFK

John F. Keenan
United States District Judge